IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2125-FL

| | | |
|---|---|---|
| JEFF COCKERHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE # 4) of respondent Tracy Johns ("respondent"). Also before the court is the motion to consolidate (DE # 6) filed by petitioner Jeff Cockerham ("petitioner"). These matters are ripe for adjudication. For the following reasons, the court denies respondent's motion to dismiss, or in the alternative, for summary judgment, and denies petitioner's motion to consolidate.

STATEMENT OF THE CASE

Petitioner was convicted in the United States District Court for the Western District of Virginia of conspiracy to possess with the intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 846 and the use or carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On April 29, 2004, petitioner was sentenced to a term of seventy (70) months for his conviction pursuant to § 846 and to a consecutive term of sixty (60) months imprisonment for his conviction pursuant to § 924(c)(1)(A)(i). Petitioner currently is incarcerated at the Federal Prison Camp in Butner, North

Carolina, and his projected release date is April 13, 2013.

On September 25, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner requests that this court issue a writ of habeas corpus ordering the Federal Bureau of Prisons (hereinafter "BOP") to find him eligible for the early release incentive provided under 18 U.S.C. § 3621(e). Petitioner also requests that this court award him up to one year off of his sentence if he completes the BOP's Residential Drug Treatment Program (hereinafter "RDTP").

On December 17, 2009, respondent filed a motion to dismiss, or in the alternative, for summary judgment, arguing that petitioner's claim should be dismissed because it is not yet ripe. That same day, petitioner filed a motion to consolidate. On December 18, 2009, respondent filed a response to petitioner's motion to consolidate, and petitioner thereafter filed a reply. On December 31, 2009, petitioner filed a response to respondent's motion to dismiss, or in the alternative, for summary judgment.

DISCUSSION

I.  Motion to Consolidate

Petitioner moves this court to grant him permission to consolidate this action with a related action pending in the Eastern District of North Carolina before this court in Horne v. Johns, No. 09-HC-02157-FL (dismissed July 2, 2010) and another action pending before Judge Boyle in Keith v. Johns, No. 09-HC-02130-BO (E.D.N.C. filed Oct. 6, 2009). Federal Rule of Civil Procedure 42(a) permits consolidation when "actions before the court involve a common question of law or fact." When ruling on a motion to consolidate, the court must "weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues." Pariseau v. Anodyne Healthcare Management, Inc., No. 3:04-CV-630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006).

Initially, the court notes that the action in Horne was dismissed on July 2, 2010. Accordingly, the consolidation issue is moot for Horne. The court has reviewed both of the remaining actions and finds that consolidating them would prejudice respondents and create confusion. Specifically, both actions currently have pending dispositive motions raising different defenses. In particular, respondent in Keith has moved the court to dismiss the action for failure to exhaust administrative remedies, whereas the parties agree that petitioner in this actions properly exhausted his administrative remedies. The court finds that granting petitioner's motion to consolidate would cause confusion and would prejudice respondents. As for the possibility of an inconsistent verdict, the actions present a similar legal issue. However, each action contains different facts which warrant independent review. Accordingly, the court finds that the prejudice to respondents outweighs the possibility of an inconsistent verdict. Therefore, petitioner's motion is DENIED.

II. Motion for Summary Judgment

    A. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if

it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B. Analysis

Respondent argues that petitioner's action should be dismissed because it is not yet ripe. A court cannot decide a claim that is not ripe for adjudication. See Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807 (2003). The requirement that a matter be ripe "prevents judicial consideration of issues until [the] controversy is presented in a clean-cut and concrete form." Miller v. Brown, 462 F.3d 312, 318-19 (4th Cir. 2006) (internal quotation marks omitted). In determining whether a matter is ripe, the court must "decide whether the issue is substantially definitive enough to be fit for judicial decision and whether hardship will result from withholding court consideration." Bryant Woods Inn. Inc. v. Howard County, 124 F.3d 597, 602 (4th Cir. 1997) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967), modified on other grounds by Califano v. Sanders, 430 U.S. 99 (1977)); see also Retail Indus. Leaders Ass'n v. Fielder, 475 F.3d 180, 188 (4th Cir. 2007). A matter is not substantively definitive enough for decision where "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Hardship is determined by "the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law." Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 208-09 (4th Cir. 1992). The burden of proving ripeness is on the party bringing the action. Miller, 462 F.3d at 319.

At issue in this case is the application of 18 U.S.C. § 3621(e)(2)(B) to inmates, such as petitioner, who have been convicted of a felony offense that involved the carrying, possesison, or use of a firearm or other dangerous weapon. Section 3621(e)(2)(B) provides: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." In Lopez v. Davis, 531 U.S. 230 (2001), the United States Supreme Court recognized that this statute denies early release eligibility to inmates convicted of violent offenses. Id. at 239. Additionally, petitioner alleges that the BOP's categorical denial of sentence reduction credits, under § 3621(e)(2)(B), for inmates convicted of offenses involving firearms is final and not dependent upon his participation in the RDAP program. Based upon the foregoing, the court finds that petitioner meets the first prong of the ripeness inquiry. See Austin v. Federal Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, *3 (D.S.C. Jan. 27, 2010), aff'd, 2010 WL 2331417 (4th Cir. June 9, 2010).

As for the second prong of the ripeness inquiry, the court finds that petitioner will suffer a significant hardship if the court does not consider his claim at this time. See id. In particular, the court finds that if petitioner is forced to wait to pursue his claim until after he completes the RDAP, it may be too late to provide relief. This would impose a significant hardship on petitioner. Because petitioner is able to satisfy the first and second prongs of the ripeness inquiry, the court finds that this action is ripe for adjudication. Thus, respondent's motion to dismiss is DENIED.

CONCLUSION

For the foregoing reasons, respondent's motion to dismiss, or in the alternative, motion for summary judgment (DE # 4) is DENIED. Petitioner's motion to consolidate (DE # 6) is DENIED. The court allows respondent twenty-one (21) days to file a supplemental motion addressing the

merits of this action.

SO ORDERED, this the 15th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge