IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2125-FL

| | | |
|---|---|---|
| JEFF COCKERHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's supplemental motion to dismiss (DE # 12). A Rule 12 letter was issued to plaintiff, but no response was filed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

Petitioner was convicted in the United States District Court for the Western District of Virginia of conspiracy to possess with the intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 846 and the use or carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On April 29, 2004, petitioner was sentenced to a term of seventy (70) months imprisonment for his conviction pursuant to § 846 and to a consecutive term of sixty (60) months imprisonment for his conviction pursuant to § 924(c)(1)(A)(i). Petitioner currently is incarcerated at the Federal Prison Camp in Butner, North Carolina, and his projected release date is April 26, 2013.

On September 25, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241. Petitioner requests that this court issue a writ of habeas corpus ordering the Federal Bureau of Prisons ("BOP") to find him eligible for the early release incentive provided under 18 U.S.C. § 3621(e). As relief, petitioner requests that this court award him up to one year off of his sentence if he completes the BOP's residential drug treatment program.

On December 17, 2009, respondent filed a motion to dismiss, or in the alternative, for summary judgment, arguing that petitioner's claim should be dismissed because it is not yet ripe. The court denied the motion, concluding that the issues presented were fit for judicial decision and that petitioner would suffer significant hardship from withholding court consideration. Respondent then filed a supplemental motion to dismiss on October 4, 2010, arguing that petitioner failed to state a claim upon which relief may be granted. As noted, petitioner did not respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

Case 5:09-hc-02125-FL   Document 15   Filed 07/07/11   Page 2 of 6

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

B. Analysis

The parties dispute whether petitioner is eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). That section provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The BOP has promulgated a regulation stating that "[a]s an exercise of the Director's discretion, . . . [i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release. See 28 C.F.R. § 550.55(b)(5)(ii). This regulation has been upheld by both the United States Supreme Court and the Fourth Circuit Court of Appeals. See Lopez v. Davis, 531 U.S. 230, 240 (2001); Cunningham v. Scibana, 259 F.3d 303, 307 (4th Cir. 2001).

As noted, petitioner was convicted of use or carry a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and as such is ineligible for early release pursuant to § 550.55(b)(5)(ii). But petitioner argues that § 550.55(b)(5)(ii) is illegal because it violates the Administrative Procedures Act ("APA"). Citing Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008) and Crickon v. Thomas, 579 F.3d 978 (9th Cir. 2009), petitioner argues that the BOP violated the APA by categorically excluding inmates convicted of offenses involving firearms from early release for successful completion of the residential substance abuse programs.

3

Petitioner is correct that the court in <u>Arrington</u> held that 28 C.F.R. § 550.58 was improperly promulgated under the APA, and that it was invalid. The <u>Arrington</u> court reasoned that the regulation violated the APA because the BOP "failed to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621(e)." <u>Arrington</u>, 516 F.3d at 1114. Similarly, the court in <u>Crickon</u> held that the BOP's regulation containing a categorical exclusion of certain inmates from consideration for credit for completion of the residential drug abuse program to be defective. <u>Crickon</u>, 579 F.3d at 988-89. In particular, the Ninth Circuit found that the BOP had failed to "articulate its rationale" for exercising its discretion in promulgating regulations to exclude inmates from consideration for credit pursuant to 18 U.S.C. § 3621(e) based upon prior offenses. <u>Id.</u>

Nevertheless, the court concludes that petitioner's challenge to § 550.58 is meritless. The Ninth Circuit's rulings are not binding upon this court. <u>See</u> <u>Virginia Soc'y for Human Life, Inc v. Fed. Election Comm'n</u>, 263 F.3d 379, 393 (4th Cir. 2001) (observing that "a federal court of appeals's decision is only binding within its circuit"). And subsequent to the Ninth Circuit's decisions in <u>Arrington</u>, the BOP adopted a new version of § 550.58, codified at 28 C.F.R. § 550.55.[*] Section 550.55 contains a more detailed rationale regarding why inmates convicted of carrying, possession, or using a firearm in connection with a drug trafficking crime are ineligible for early release consideration. Specifically, the BOP stated:

---

[*] Effective March 16, 2009, 28 C.F.R. § 550.58 was modified and enacted as 28 C.F.R. § 550.55. The provisions are nearly identical, but § 550.55 contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release.

4

Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration ( *See Lopez v. Davis,* 531 U.S. 230 [121 S.Ct. 714, 148 L.Ed.2d 635 (2001) ]). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis,* "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id.* at 240 [121 S.Ct. 714]. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

<u>Drug Abuse Treatment Program</u>, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

5

In essence, this new regulation clarifies that inmates convicted pursuant to § 924(c) are not entitled to early release because they pose a potential safety risk to the public. The new regulation remedies the Ninth's Circuit's concern in Arrington because it provides a detailed rationale for the inclusion of § 924(c) offenders in the list of inmates not qualified for early release consideration. Additionally, petitioner does not contend that he was excluded from early release based upon a prior conviction, which was the problem identified by the court in Crickon. Based upon the foregoing, and in accordance with the decision of other courts in the Fourth Circuit, this court concludes that plaintiff's challenge under the APA is meritless, and respondent is entitled to dismissal of the petition. See, e.g., Austin v. Federal Bureau of Prisons, No. 6:09-485-MBS, 2010 WL 412815, *5 (D.S.C. Jan. 27, 2010) (concluding that "§ 550.55 is a valid exercise of BOP's discretion under § 3621(e)(2)(B)"), aff'd, 382 F. App'x 275 (4th Cir. 2010).

## CONCLUSION

For the foregoing reasons, respondent's supplemental motion to dismiss (DE # 12) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 7ᵗʰ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge